**SO ORDERED.**

**SIGNED January 22, 2007.**



_____
**ROBERT SUMMERHAYS**
**UNITED STATES BANKRUPTCY JUDGE**
_____

```
                UNITED STATES BANKRUPTCY COURT
                 WESTERN DISTRICT OF LOUISIANA


IN RE:

D'ESTER G. KEENAN                           CASE NO. 05-20449

     Debtor                                 CHAPTER 7

-----------------------------------------------------------------
DISCOVER BANK

     Plaintiff

VERSUS                                      ADV. CASE NO. 05-2031

D'ESTER G. KEENAN

     Defendant

-----------------------------------------------------------------
                      REASONS FOR DECISION
-----------------------------------------------------------------
```

D'Ester G. Keenan ("Debtor") filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code on April 1, 2005. Discover Bank ("Plaintiff") has filed this Complaint Objecting to

Dischargeability of Indebtedness ("Complaint"). Presently before the court is the Motion for Summary Judgment ("Motion") filed by the Plaintiff. A hearing on the Motion was held on November 16, 2006. After hearing argument from counsel and receiving evidence, the matter was taken under advisement.

## JURISDICTION

The case has been referred to this court by the Standing Order of Reference entered in this district which is set forth as Rule 83.4.1 of the Local Rules of the United States District Court for the Western District of Louisiana. No party in interest has requested a withdrawal of the reference. The court finds that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

These Reasons for Decision constitute the Court's findings of fact and conclusions of law pursuant to Rule 7052, Federal Rules of Bankruptcy Procedure.

## BACKGROUND

Debtor had a charge account with Discover Bank, Account No. XXXXXX5268. Debtor incurred charges and cash advances on the account totaling $4,947.91, including interest as of the date of the filing of the bankruptcy petition. Shortly before the petition was filed, between November 3 and November 17, 2004, Debtor incurred $2,101 in retail charges and $2,294 in cash advances on the account. Plaintiff seeks a judgment against Debtor for those

charges on the basis that the debt was obtained by false pretenses, a false representation, or actual fraud and is therefore non-dischargeable pursuant to Section 523(a)(2)(A).

**LAW AND ANALYSIS**

1. Summary Judgment Standard.

Rule 56(c), Fed. R. Civ. P.[1], requires summary judgment to "be rendered forthwith if . . . there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A summary judgment can be granted if the moving party can "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Ibid.; Hale v. Townley, 45 F.3d 914, 917 (5th Cir. 1995). "Under Fed. R. Civ. P. 56 (c), the moving party bears the initial burden of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue for trial." In re Browning-Ferris Industries, Inc. Securities Litigation, 876 F. Supp. 870, 877 (S.D. Tex. 1995), citing Matsushita Elec. Ind. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-587, 106 S. Ct. 1348, 1355-56, 89 L. Ed. 2d 538 (1986); Leonard v. Dixie Well Service & Supply, Inc., 828 F.2d 291, 294 (5th Cir. 1987).

---

[1]Rule 56, Fed. R. Civ. P., applies in adversary proceedings. Rule 7056, Fed. R. Bank. P.

The party moving for summary judgment bears the burden of establishing by affidavit or other evidence that there is no genuine dispute as to any material fact necessary to the resolution of the case before the Court and that the moving party is entitled to judgment as a matter of law. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 327, 106 S. Ct. 2548, 2555 (1986). However, "[s]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." <u>Anderson v. Liberty Lobby</u>, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986).

<u>2. The Summary Judgment Record.</u>

In this instance, Plaintiff relies in part on the Debtor's failure to respond to Requests for Admission and Request for Production of Documents. Federal Rules of Civil Procedure 36 states:

> Each matter of which an admission is requested shall be separately set forth. ***The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter***, signed by the party or by the party's attorney, but, unless the court shortens the time, a defendant shall not be required to serve answers or objections before the expiration of 45 days after service of the summons and complaint upon that defendant. If objection is made, the reasons therefor shall be stated. The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the

Page 4

> matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder.

Fed.R.Civ.P. 36(a) (applicable in bankruptcy pursuant to Fed.R.Bankr.P. 7036) (emphasis added). Therefore, "Rule 36(a) of the Federal Rules of Civil Procedure clearly provides that a party must answer each matter for which an admission is requested within 30 days or the matter is deemed admitted." United States v. Kasuboski, 834 F.2d 1345, 1347 (7th Cir.1987); Smith v. First Natl. Bank of Atl., 837 F.2d 1575, 1577 (11th Cir.1988). In the present case, Plaintiff served Debtor with interrogatories, document requests, and requests for admission. The Debtor did not respond to any of this discovery. As a result, the Debtor is deemed to have conclusively admitted each of the matters set forth in the requests for admission, and Plaintiff can rely on these deemed admissions to establish each element of its claim. See, e.g., In re Tabar, 220 B.R. 701, 705 (Bankr. M.D. Fla. 1998) (deemed admissions supported summary judgment against debtor in non-dischargeability action).

In addition to the deemed admissions, the Debtor is also deemed to have admitted averments in the Complaint that she has not denied. See Fed. R. Civ. P. 8(d) (made applicable to adversary proceedings by Rule 7008 of the Federal Bankruptcy Rules). The

Debtor initially did not file an answer to the Complaint, and Plaintiff filed a motion for default judgment. Although the Debtor did not file a response to the motion for default judgment, the Debtor appeared at the hearing <u>pro</u> <u>se</u> and requested leave to file an answer. The court granted leave and the Debtor filed an answer. However, the Debtor's answer does not comply with Rule 8 of the Federal Rules of Civil Procedure because it does to specifically admit or deny the averments in the Complaint. Instead, the Debtor's answer consists of a three-page handwritten narrative explaining, <u>inter</u> <u>alia</u>, that she was a victim of theft by one or more of her employees. However, even if the answer is read liberally, it does not address most of the averments in the Complaint. Moreover, while the answer incorporates correspondence and memoranda that appear to relate to certain credit card accounts, these accounts do not appear to relate to the account at issue in this adversary proceeding. The Debtor has not responded to the motion for summary judgment and has presented nothing else in the way of competent summary judgment evidence.

<u>3. Dischargeability.</u>

A debtor's goal in chapter 7 cases is the discharge of prepetition debts. Section 727(a)(1). The discharge, however, does not apply to "any debt for money, property, [or] services . . . to the extent obtained by false pretenses, a false representation, or actual fraud[.]" Section 523(a)(2)(A).

In this circuit, cases involving credit card dischargeability require the following elements of proof for each card use: (1) the debtor made a representation; (2) the representation was knowingly false; (3) the representation was made with the intent to deceive; (4) the representation was actually and justifiably relied upon by the creditor; and (5) the creditor sustained a loss as a proximate result of such reliance. <u>Matter of Mercer</u>, 246 F.3d 391, 403 (5th Cir. 2001). The standard of proof is one of preponderance of the evidence. <u>Grogan v. Garner</u>, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

The court in <u>Mercer</u> also determined that through each use of the credit card, the card user represents his or her intent to pay. <u>Id</u>. at 404. Thus, the Debtor made a representation of her intent to pay Plaintiff when she utilized the credit card. This satisfies the first element of proof required. <u>Mercer</u> also dictates that, as a matter of law, a credit card issuer is deemed to actually rely upon the card users representation regarding the intent to repay by such use. <u>Id</u>. at 415. Therefore, the fourth element of proof is satisfied with respect to actual reliance; the issue of **justifiable** reliance will be addressed below.

**WAS THE DEBTOR'S REPRESENTATION KNOWINGLY FALSE?**

The use of the card is a representation of intent to repay, not ability to pay. <u>Id</u>. Accordingly, the central focus is

whether the Debtor made the statement of intent in bad faith by knowingly making a false representation. In order to determine whether the card user's representation was made with requisite bad faith, the court should consider various factors, including: the time between card-use and the bankruptcy filing; whether, prior to card-use, an attorney was consulted about bankruptcy; the number of charges; their amount; the debtor's financial condition at card-use; whether the limit was exceeded; whether multiple charges were made on the same day; whether the debtor was employed; the debtor's employment prospects; the debtor's financial sophistication; whether the debtor's buying habits changed suddenly; and whether luxuries or necessities were purchased. Id. at 408. Mercer acknowledges that "hopeless insolvency," the inability to pay, at the time of card use may support a finding of subjective intent not to pay. Id. at 409.

As Debtor failed to respond to the Plaintiff's Request for Admission, the Debtor has admitted that (1) she did not have the financial ability to repay the charges at the time they were incurred (Request for Admission No. 9); (2) she did not have the financial ability to repay the charges and her other living expenses (Request for Admission No. 11); and (3) she knew and understood that she had insufficient income and financial resources to repay the charges (Request for Admission No. 12). Based upon

Page 8

these facts, the court concludes that Plaintiff has proven that the Debtor's representations of intent and ability to pay were knowingly false.

### WAS THERE AN IN INTENT TO DECEIVE?

Intent to deceive exists if a debtor intends or has reason to expect the creditor to take action or refrain from taking action in reliance upon the misrepresentation. In Mercer, the 5th Circuit held that if the court finds that a debtor made a knowingly false representation of intent to pay, then the separate requisite intent to deceive is also present. Id. at 411.

Accordingly, as the court has concluded that the Debtor's representation of intent to repay was knowingly false, this element of proof is likewise satisfied.

### DID PLAINTIFF JUSTIFIABLY RELY UPON THE REPRESENTATION?

With regard to justifiable reliance, the 5th Circuit held in Mercer that:

> The Ninth Circuit's justifiable reliance standard for card-dischargeability is consistent with Field and the Restatement: the "issuer justifiably relies on a representation of intent to pay as long as the account is not in default and any initial investigations into a credit report do not raise red flags that would make reliance unjustifiable".

Id. at 421

\* \* \*

> For justifiable reliance, the focus should be on whether UCS, based on its credit screening and its relationship with Mercer during her brief card-use, had reason to

Page 9

> believe she would not carry out her representation, through card-use, of intent to pay. Relevant to that determination are the circumstances under which the representation was made, including the fact that it was made for the purpose of inducing UCS to act in reliance upon it, and the form and manner in which it was expressed. And, facts pertinent to that inquiry include, but are not limited to: (1) UCS' decision to offer the pre-approved card, based on an examination of Mercer's credit history--twice before acceptance, and again between acceptance and issuance; (2) the terms of the card-agreement, which provided that Mercer's card-use signified her acceptance of those terms, including the requirement that she pay the loans incurred, by making at least the minimum monthly payments; and (3) Mercer's reaching her limit within the first billing cycle, within the scope of the card-agreement, and before UCS had any reason to suspect she would not pay.

Id. at 423.

In this case, contrary to the situation in Mercer, Plaintiff did not present any evidence regarding its credit screening procedures. Mercer, however, does not appear to require the creditor to come forward with such evidence, only suggesting that if such a procedure discovers "red flags," an obligation to conduct further investigation may arise. In this instances, the Debtor has a history of incurring and repaying charges which would have justified Plaintiff's reliance. The court therefore concludes, under the standard set forth in Mercer, that Plaintiff's reliance on the Debtor's representations was justifiable.

## CONCLUSION

For the foregoing reasons, the court finds that Plaintiff has established each of the elements of non-dischargeability pursuant

to Section 523(a)(2)(A).  The debt owed to Plaintiff in the amount of $4,395.00 is non-dischargeable.  Within 20 days, counsel for Plaintiff shall submit a Judgment in accordance with the foregoing reasons.

###

Page 11

05-02031 - #39  File 01/22/07  Enter 01/22/07 14:02:06  Main Document  Pg 11 of 11